BART M. DAVIS, IDAHO STATE BAR NO. 2696
UNITED STATES ATTORNEY
SEAN M. MAZOROL, DISTRICT OF COLUMBIA BAR NO. 90025737
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
1290 W. MYRTLE ST. SUITE 500
BOISE, ID 83702-7788
TELEPHONE: (208) 334-1211

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. |
| Plaintiff, | **RULE 11 PLEA AGREEMENT** |
| vs. | |
| RYAN BASNAW, | |
| Defendant. | |

## I.    GUILTY PLEA

A.    **<u>Summary of Terms.</u>**  Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the Defendant, the attorney for the Defendant, and the Government[1] agree that the Defendant will plead guilty to Count One of the Information, which charges the Defendant with Federal Program Bribery, in violation of 18 U.S.C. § 666(a)(2). The Defendant will also admit the asset forfeiture allegation in the Information.

This plea is voluntary and did not result from force, threats, or promises, other than any promise made in this agreement.  Upon acceptance of the Defendant's guilty plea, and the Defendant's full compliance with the other terms of this agreement, the Government, under Federal Rule of Criminal Procedure 11(c)(1)(B), will recommend a sentence at the low-end of the range proposed by the United States Sentencing Guidelines (USSG), as determined by the District Court.

B.    **<u>Oath.</u>**  The Defendant will be placed under oath at the plea hearing.  The Government may use any statement that the Defendant makes under oath against the Defendant in a prosecution for perjury or false statement.

C.    **<u>Waiver of Indictment.</u>**  The Defendant hereby waives the right to prosecution by indictment, pursuant to Federal Rule of Criminal Procedure 7(b), and agrees to plead guilty to the Information as detailed herein.

## II.    WAIVER OF CONSTITUTIONAL RIGHTS AT TRIAL

The Defendant waives the following rights by pleading guilty pursuant to this agreement: 1) the right to plead not guilty to the offense charged against the Defendant and to persist in that plea; 2) the right to a trial by jury, at which the Defendant would be presumed innocent and the

---

[1] The word "Government" in this agreement refers to the United States Attorney for the District of Idaho.

burden would be on the Government to prove the Defendant's guilt beyond a reasonable doubt; 3) the right to have the jury agree unanimously that the Defendant was guilty of the offense; 4) the right, at trial, to confront and cross-examine adverse witnesses; 5) the right to present evidence and to compel the attendance of witnesses; and 6) the right not to testify or present evidence without having that held against the Defendant.  If the Court accepts the Defendant's guilty plea, there will be no trial.

## III.    NATURE OF THE CHARGES

A.    **Elements of the Crime.**  The elements of the crime of Federal Program Bribery, as charged in Count One, are as follows:

1.    First, the defendant gave, offered, or agreed to give a thing of value to another person;

2.    Second, the defendant did so corruptly with the intent to influence or reward an agent of a state department or agency, in connection with some business, transaction, or series of transactions of that state department or agency;

3.    Third, this business, transaction, or series of transactions involved a thing with a value of $5,000 or more; and

4.    Fourth, the state department or agency received more than $10,000 in federal funding annually.

B.    **Factual Basis.**  The Defendant admits the following facts are true:

To obtain a commercial driver's license (CDL) in Idaho, an applicant must, among other requirements, receive a passing score from a CDL skills test examiner.  The Idaho Transportation Department (ITD) contracts with third-party CDL skills test examiners to administer CDL skills tests in Idaho.  The CDL skills testers, therefore, are agents of the ITD.

A CDL is a thing of value of $5,000 or more given that a CDL holder can earn more than $5,000 per year as a driver of commercial vehicles.

Between January 1, 2025, and July 2, 2025, the Idaho Department of Motor Vehicles (DMV), a department of ITD, received more than $10,000 in federal funding from the U.S. Department of Transportation under a CDL Program Implementation Grant.

On or about July 2, 2025, Defendant offered and agreed to give a CDL skills tester $500 cash in exchange for a passing score on a CDL skills test without ever taking the test.  Defendant did so corruptly and with the intent to influence and reward the CDL skills tester so that Defendant could have three restrictions removed from his CDL without taking the required CDL skills test.

## IV.    SENTENCING FACTORS

A.    **Penalties.**  The crime of Federal Program Bribery, as charged in Count One, is punishable by:

1.    a term of imprisonment of ten (10) years.

2.    a term of supervised release of not more than three (3) years.

3.    a maximum fine of $250,000, and a special assessment of $100.

B.    **Supervised Release.**  The Court may impose a period of supervised release.  No agreement exists as to its length.

The law permits the combined prison time and term of supervised release to exceed the maximum term of incarceration for the crime to which the Defendant is pleading guilty. Violation of any condition of supervised release may result in further penalties and prosecution.

C.    **Fines and Costs.**  The Court may impose a fine.  No agreement exists as to its amount.  The Court may also order the Defendant to pay the costs of imprisonment, probation, and supervised release.

**Plea Agreement**                                    4                                    Rev. May 2025

D.   **<u>Special Assessment.</u>**  The Defendant will pay the special assessment before

sentencing and will furnish a receipt at sentencing.  Payment will be made to:

> The United States District Court, Clerk's Office
> Federal Building and United States Courthouse
> 550 West Fort Street, Fourth Floor
> Boise, Idaho 83724

E.   **<u>Restitution.</u>**  In addition to paying any forfeiture, fine, and costs imposed, the

Defendant also agrees to pay restitution equal to the full amount of loss caused to any victim.

The Defendant agrees that all monetary penalties imposed by the Court, including restitution,

will be due immediately and can immediately be enforced by the Government (whether through

18 U.S.C. § 3613 or otherwise).  The Defendant agrees that the payment schedule or plan is

neither the only method, nor a limitation on the methods, available for enforcing the judgment.

It is simply a schedule or plan for minimum payments.  The Defendant is aware that voluntary

payment of restitution prior to adjudication of guilt is a factor the Court can consider when

deciding if the Defendant has accepted responsibility under United States Sentencing

Commission, guidelines manual (USSG) § 3E1.1 (Nov. 2018).

F.   **<u>Forfeiture.</u>**  The Court will enter a forfeiture order as part of the Defendant's

sentence.  The Defendant will immediately forfeit to the Government the property set out in: this

agreement, the charging document to which the Defendant is pleading, and any bill of

particulars.  Defendant agrees that those documents provide statutory authority for forfeiture.

1.   Additionally, Defendant agrees to forfeit the following.

a.   <u>Seized Property</u>. $500 cash seized on or about July 2, 2025.

2.   Defendant makes the following additional agreements and waivers related

to forfeiture.

a.   Regarding the above property, the Defendant:  (a) is the sole owner,

unless otherwise set out herein; (b) hereby withdraws any claims filed in any administrative or

civil forfeiture proceeding; (c) agrees to assist fully in the forfeiture and to take all steps necessary to pass clear title to the Government; (d) will testify truthfully in any forfeiture proceeding and will not assist a third party in asserting a claim; (e) agrees to administrative or civil forfeiture, or abandonment, if the Government does not pursue criminal forfeiture; and (f) agrees that variations or errors in serial numbers or property descriptions shall not affect forfeiture.

b.      Forfeiture is separate from all other penalties, including fines and restitution.  As with other penalties, the Court will determine forfeiture at sentencing.  Any stated or pleaded forfeiture amount is an "at least" amount and the Court may impose greater or additional forfeitures.  The Defendant waives requirements regarding notice and pronouncement of forfeiture, including: (a) in charging documents, (b) at the change of plea hearing, (c) at sentencing, and (d) in the judgment.  *See* Fed. R. Crim. P. 11(b)(1)(J), 32.2, and 43(a).

c.      The Defendant waives all challenges and objections, on any grounds, to any forfeiture in accordance with this agreement.  If this agreement is withdrawn for any reason, the Defendant waives the right to contest all administrative and civil forfeitures that began before the withdrawal.  The Defendant agrees to hold the United States, its agents, and employees harmless from any claims related to seizures or forfeiture in this case or the related investigation.  The forfeiture provisions of this agreement will survive the Defendant's death and bind the Defendant's heirs, successors and assigns until forfeiture is fully collected.  Any forfeited property directed to victims shall not be returned even if Defendant's conviction is overturned or abated.

d.      The District Court shall retain jurisdiction to consider and rule on forfeiture and related issues, unless a higher Court directs otherwise.

**Plea Agreement** Rev. May 2025

## V.    SEIZED PROPERTY: ABANDONMENT AND WAIVER

The Defendant abandons, releases, and waives any interest in property seized or otherwise obtained by the Government or law enforcement in this case unless specific exceptions are noted in this agreement.  Such property will be disposed of, destroyed, sold, or transferred in the Government's sole discretion.  Such disposition shall not constitute satisfaction of any assessment, fine, restitution, forfeiture, cost of imprisonment, or any other penalty that this Court may impose.

## VI.    UNITED STATES SENTENCING GUIDELINES

A.    **Application of Sentencing Guidelines.**  The Court must consider the sentencing guidelines in determining an appropriate sentence under 18 U.S.C. § 3553.  The Defendant agrees that the Court may consider "relevant conduct" in determining a sentence pursuant to USSG § 1B1.3.

The Court is not a party to this agreement and the agreement does not bind the Court's determination of the sentencing guidelines range.  The Court will identify the factors that will determine that range under the relevant guidelines manual.  The Court has complete discretion to impose any lawful sentence, including the maximum sentence possible.

Recognizing that this agreement does not bind the Court, the parties agree to the recommendations and requests set forth below.

B.    **Sentencing Guidelines Recommendations and Requests.**

1.    **Government's Statements at Sentencing.**  The Government reserves the right to allocate fully at sentencing regarding any sentencing recommendation.  The Government may rely on or submit any information, including relevant conduct, in support of its recommendation regardless of whether the agreement or the pre-sentence investigation report contain this information.  Any exception must be specified in this agreement.

**Plea Agreement**                                      7                                      Rev. May 2025

2.      **Acceptance of Responsibility.**  If the Defendant clearly accepts responsibility for the offense, the Defendant will be entitled to a reduction of two levels in the combined adjusted offense level under USSG § 3E1.1(a).  The Government will move for an additional one-level reduction in the combined offense level under § 3E1.1(b) if the following conditions are met: (1) the Defendant qualifies for a decrease under § 3E1.1(a); (2) the offense is level 16 or greater; and (3) the Defendant has timely notified authorities of the Defendant's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.  If, before sentence is imposed, the Defendant fails to meet USSG § 3E1.1's criteria or acts in a manner inconsistent with acceptance of responsibility, the Government will withdraw or decline to make the motion.

3.      **Amount of Bribery.**  The parties agree that the there was only one bribery, and the amount of bribery was $500; accordingly, the parties agree that no additional enhancement should apply pursuant to U.S.S.G. § 2C1.1.

4.      **Downward Departure or Variance Request by Defendant.**  If the Defendant wishes to seek a departure or variance, the Defendant must provide written notice to the Government, along with the reasons and basis therefore, 21 days before the date set for sentencing.

## VII.    WAIVER OF RIGHT TO DIRECT APPEAL AND TO COLLATERAL ATTACK UNDER 28 U.S.C. § 2255

A.      <u>**Waiver.**</u>  In exchange for this agreement, and except as provided in subparagraph B, the Defendant waives any right to appeal or collaterally attack plea, conviction, judgment, and sentence, including forfeiture and restitution.  This waiver includes any challenge to the constitutionality of any statute of conviction including arguments that the admitted conduct does not fall within any statute of conviction.

The Defendant acknowledges that this waiver will result in the dismissal of any direct appeal or collateral attack the Defendant might file seeking to challenge the plea, conviction, or sentence in this case.  Further, the filing of such an appeal or collateral attack will breach this agreement and allow the Government to withdraw from it, as well as to take other remedial action.

If the Defendant believes the Government has not fulfilled its obligations under this agreement, the Defendant will object at the time of sentencing.  Further objections are waived.

B.    **Exceptions.**

1.    **Direct Appeal.**  Notwithstanding subparagraph A, the Defendant may file one direct appeal if one of the following unusual circumstances occurs:

a.    the sentence imposed by the Court exceeds the statutory maximum;

b.    the Court arrived at an advisory sentencing guidelines range by applying an upward departure under chapter 5K of the relevant sentencing guidelines manual; or

c.    the Court exercised its discretion under 18 U.S.C. § 3553(a) to impose a sentence that exceeds the advisory sentencing guidelines range as determined by the Court.

The Defendant understands that the above circumstances occur rarely and that in most cases this agreement completely waives all appellate rights.

2.    **Motion Under 28 U.S.C. § 2255.**  Notwithstanding subparagraph A, the Defendant may file an ineffective assistance of counsel claim in a 28 U.S.C. § 2255 motion.

## VIII.  PROVIDING INFORMATION FOR THE PRESENTENCE REPORT

The Defendant agrees to provide financial information and any other information requested by a representative of the United States probation office for use in preparing a pre-sentence investigation report and agrees that the United States probation office may share all financial information with the Government.  Failure to execute releases or to provide information

for the pre-sentence investigation report violates this agreement and relieves the Government of its obligations from it.  Such failure will not, however, constitute grounds for withdrawing the plea of guilty unless the Government so requests.  Providing materially false information will subject the Defendant to additional penalties, including an enhancement under USSG § 3C1.1.

## IX.    DISCLOSING FINANCIAL INFORMATION

The Defendant agrees to disclose all the Defendant's assets and sources of income to the Government, including all assets over which the Defendant exercises or exercised direct or indirect control, or in which the Defendant has any financial interest.  This includes all community property.  The Defendant also agrees to cooperate in obtaining any records relating to ownership of assets when sought by the Government.  The Defendant agrees truthfully to complete a personal financial statement within 14 days from the date the Defendant signs this agreement or from the date the financial statement is provided to the Defendant or counsel, whichever is later.  The Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.  The failure timely and accurately to complete, sign, and update the financial statements may constitute failure to accept responsibility under USSG § 3E1.1, as well as other things.

The Defendant authorizes the Government: (a) to obtain a credit report on the Defendant; (b) to inspect and copy all financial documents and information held by the United States probation office; and (c) to obtain all financial records related to the Defendant.

Before sentencing, Defendant agrees not to dissipate any assets without the consent of both the Government's financial litigation unit and asset forfeiture unit.  If any assets are sold, any sale proceeds will be deposited with the Clerk of Court and, upon sentencing, paid toward any monetary penalties ordered in the judgment.

**X.      NO RIGHT TO WITHDRAW PLEA**

The Defendant understands that the Court may not follow the recommendations or requests made by the parties at the time of sentencing.  The Defendant cannot withdraw from this agreement or the guilty plea, regardless of the Court's actions.

**XI.     CONSEQUENCES OF VIOLATING AGREEMENT**

A.      **Government's Options.**  If the Defendant fails to keep any promise in this agreement or commits a new crime, the Government is relieved of any obligation:  1) to make a sentencing recommendation consistent with the terms promised in this agreement; and 2) not to prosecute the Defendant on other charges, including charges not pursued due to this agreement.  Such charges may be brought without prior notice.  If the Government determines that a breach warrants prosecution before sentencing, it may withdraw from this agreement in its entirety.  In addition, if the Government determines after sentence is imposed that the Defendant's breach of the agreement warrants further prosecution, the Government may choose between letting the conviction under this agreement stand or vacating such conviction so that charge may be re-prosecuted.

The Government's election to pursue any of the above options provides no basis for the Defendant to withdraw the guilty plea made pursuant to this agreement.

B.      **Defendant's Waiver of Rights.**  If the Defendant fails to keep any promise made in this agreement, the Defendant gives up the right not to be placed twice in jeopardy for the offense to which the Defendant entered a plea of guilty or which were dismissed under this agreement.  In addition, for any charge that is brought as a result of the Defendant's failure to keep this agreement, the Defendant gives up:  (1) any right under the Constitution and laws of the United States to be charged or tried in a more speedy manner; and (2) the right to be charged within the applicable statute of limitations period if the statute of limitations has expired.

**Plea Agreement**                                      11                              Rev. May 2025

Furthermore, if the Defendant does not enter an acceptable plea, the Government will move to continue the trial now set to allow the Government adequate time to prepare. The Defendant agrees not to contest such a continuance and agrees that the resulting delay would be excludable time under 18 U.S.C. § 3161(h).

## XII.     MISCELLANEOUS

A.     **No Other Terms.**  This agreement is the complete understanding between the parties, and no other promises have been made by the Government to the Defendant or to the attorney for the Defendant. This agreement does not prevent any governmental agency from pursuing civil or administrative actions against the Defendant or any property. Unless an exception to this paragraph is explicitly set forth elsewhere in this document, this agreement does not bind or obligate governmental entities other than that specified as the Government in this agreement (i.e., the United States Attorney's Office for the District of Idaho).

B.     **Plea Agreement Acceptance Deadline.**  This plea offer is explicitly conditioned on the Defendant's notification of acceptance of this agreement no later than 5:00 p.m. on March 6, 2026.

## XIII.  UNITED STATES' APPROVAL

I have reviewed this matter and the agreement. This agreement constitutes a formal plea offer from the Government. Any oral discussions with the Defendant and defense counsel about a plea do not constitute a plea offer. Any written offer or agreement made before this agreement is no longer a valid offer by the Government and is rescinded. I agree on behalf of the United States that the terms and conditions set forth above are appropriate and are in the best interests of justice.

BART M. DAVIS
UNITED STATES ATTORNEY
By:

_____
SEAN M. MAZOROL
Assistant United States Attorney

3/6/26
_____
Date

## XIV.    ACCEPTANCE BY DEFENDANT AND COUNSEL

I have read and carefully reviewed every part of this agreement with my attorney. I understand the agreement and its effect upon my potential sentence. Furthermore, I have discussed all of my rights with my attorney, and I understand those rights. No other promises or inducements have been made to me, directly or indirectly, by any agent of the Government, including any Assistant United States Attorney, concerning the plea to be entered in this case. I understand that this agreement is a formal plea offer from the Government. Any oral discussions between the Government and me or my counsel about a plea do not constitute a plea offer. Any written offer or agreement made before this agreement is no longer valid and is rescinded. In addition, no one has threatened or coerced me to do, or to refrain from doing, anything in connection with this case, including entering a guilty plea. I understand that, if I am not a citizen or naturalized citizen of the United States, by pleading guilty in this case it is virtually certain that I will be removed from the United States. I am satisfied with my attorney's advice and representation in this case.

_____
RYAN BASNAW
Defendant

3/6/26
_____
Date

I have read this agreement and have discussed the contents of the agreement with my client. This document accurately sets forth the entirety of the agreement. I have conveyed all written offers from the Government to the Defendant pursuant to *Missouri v. Frye*, 566 U.S. 134,

**Plea Agreement**                                    13                                    Rev. May 2025

144-47 (2012).  I understand that this agreement is a formal plea offer from the Government.  Any oral discussions between the Government and me or my client about a plea do not constitute a plea offer.  Any written offer or agreement made before this agreement is no longer valid and is rescinded.  I have discussed with my client the fact that if my client is not a citizen or naturalized citizen of the United States, by pleading guilty in this case, it is virtually certain that my client will be removed from the United States.  I concur in my client's decision to plead guilty as set forth above.

_____         \_\_\_\_03/06/2026_____

DEBRA GROBERG                                              Date
Attorney for the Defendant

**Plea Agreement**                                    14                                    Rev. May 2025